UNITED STATES DISTRICT COURT
<u>WESTERN DISTRICT OF NEW YORK</u>

UNITED STATES OF AMERICA,

                Plaintiff,

v.                                          **ORDER**
                                                    07-CV-759S

THE PREMISES AND REAL PROPERTY WITH
BUILDINGS, APPURTENANCES, AND
IMPROVEMENTS LOCATED AT 26 EAST PARK
STREET, ALBION, NY,

                Defendant.

       1.      On November 9, 2007, the Government commenced this action for the forfeiture of real property located at 26 East Park Street, Albion, New York on the grounds that the property was used to commit felony drug offenses by Judy K. Ward, owner of the real property, and Bradley Dunaway. (Docket No. 1).  After notifying Ms. Ward and Mr. Dunaway via certified mail and publishing notice of the forfeiture proceedings via newspaper, the Government received no response.  On May 7, 2008, the Clerk of the Court entered default as to the real property located at 26 East Park Street, Albion, NY. (Docket No. 17).  On May 15, 2008, the Government filed a Motion for Default Judgment and Order of Forfeiture (Docket No. 18) and on September 2, 2008, Ms. Ward filed an affidavit in opposition to the Government's motion and requested that the default be set aside under Federal Rule of Civil Procedure 55(c). (Docket No. 26).

       2.      Federal Rule of Civil Procedure 55(c) permits a court to set aside an entry of default "for good cause shown."  The Second Circuit has established three criteria to be

assessed in determining whether the party seeking to set aside an entry of default has shown good cause. The criteria are: (1) whether the default was willful; (2) whether setting aside the entry of default would prejudice the non-moving party; and (3) whether the moving party has raised a meritorious defense. See Cody v. Mello, 59 F.3d 13, 16 (2d Cir. 1995); Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 96 (2d Cir. 1993); Nationwide Mut. Fire Ins. Co. v. Rankin, 199 F.R.D. 498, 502 (W.D.N.Y. 2001). Furthermore, Rule 55© is a "lenient standard." Meehan v. Snow, 652 F.2d 274, 277 (2d. Cir. 1981). This lenient standard along with the wide latitude granted to the district judge is a reflection of the preference for resolving disputes on the merits. Enron Oil Corp., 10 F.3d at 95.

3. In this case, Ms. Ward satisfies the three part showing for good cause. First, Ms. Ward has not willfully defaulted. Ms. Ward was in prison on the drug charges when the Government filed its forfeiture complaint. Upon receiving the complaint, Ms. Ward contacted her daughter, Tammy Coville, who contacted Mr. Thomas Eoannou, Esq. Mr. Eoannou represented Ms. Ward on the underlying drug charges and as Ms. Ward states, "[b]ased on information and belief, I believed Mr. Eoannou was moving to protect my interest in the property." (Docket No. 26, ¶16). Therefore, there is no evidence of any willful default.[1] Second, the Government does not identify how, if at all, it would be prejudiced if default is set aside. Third, Ms. Ward's defense is meritorious because it

---

[1] Although the Government cites to a previous decision by this court, United States v. One Honda Civic, 2007 WL 3171770, *2 (W.D.N.Y. 2007), for the proposition that confusion on the scope of legal representation does not constitute excusable neglect, there are two significant differences between the cases. First, One Honda Civic involved application of Rule 60(b), not Rule 55©. As noted in Meehan v. Snow, 652 F.2d 274, 276 (2d. Cir. 1981), Rule 55© is a more lenient standard than Rule 60(b). Second, in One Honda Civic, the defendant was warned in advance that the attorney would not represent him without an additional retainer whereas here, there is no indication that Mr. Eoannou indicated to Ms. Ward, in advance, that he would not represent her on the forfeiture matter. One Honda Civic is therefore not instructive.

need only contain a "hint of a suggestion" which, if proven at trial, would constitute a complete defense. Keegel v. Key West & Carribean Trading Co., Inc., 627 F.2d 372, 372 (D.C. Cir. 1980); Moldwood Corp. V. Stutts, 410 F.2d 351, 351 (5th Cir. 1969); Tozer v. Charles A. Krause Milling Co., 189 F.2d 242, 244 (3d Cir. 1951).

    4.    Accordingly, this court finds that Ms. Ward, has shown "good-cause" within the meaning of Federal Rule of Civil Procedure 55(c) to set aside the default entered against her. Default will therefore be set aside, rendering the Government's Motion for Default Judgment moot.

IT HEREBY IS ORDERED, that Judy K. Wards' Request to Set Aside the Entry of Default (Docket No. 26) is GRANTED.

FURTHER, that the Government's Motion for Default Judgment (Docket No. 18) is DENIED as moot.

FURTHER, that Judy K. Ward is directed to file her claim and answer no later than November 14, 2008.

FURTHER, that the October 16, 2008 appearance before this Court is cancelled.


Dated:   October 14, 2008
           Buffalo, New York

                                                      /s/William M. Skretny
                                                      WILLIAM M. SKRETNY
                                                     United States District Judge